BON AIR COAL & IRON CORPORATION *v.* SAM L. JOHNSON.*

## (*Nashville.*   December Term, 1925.)

1. **MASTER AND SERVANT.** On review most favorable view of evidence in support of claim for compensation must be accepted (Workmen's Compensation Act [Laws 1919, chapter 123]).

Upon review in supreme court of action of trial court in cases presented under the Workmen's Compensation Act, the most favorable view in support of the petitioner's claim must be accepted. (*Post,* *pp.* 258, 259.)

2. **MASTER AND SERVANT.** Judgment on evidence in compensation case is final (Workmen's Compensation Act [Laws 1919, chapter 123]).

If there is material evidence to support judgment of the trial court in cases presented under the Workmen's Compensation Act, the conclusion will not be disturbed on appeal. (*Post, pp.* 258, 259.)

Acts cited and construed: Acts 1919, ch. 123; Acts 1923, ch. 84.

Cases cited and approved: Milne v. Sanders, 143 Tenn., 603; Vester Gas Range Co. v. Leonard, 148 Tenn., 672; American Zinc Co. v. Lusk, 148 Tenn., 220; Leonard v. Cranberry Furnace Co., 150 Tenn., 346; Black Diamond Collieries v. Deal, 150 Tenn., 474.

3. **MASTER AND SERVANT.** Where leg and back were permanently injured, minor disability was not merged into major, but entitled employee to compensation for permanent partial disability from single injury (Acts 1919, chapter 123, section 28 [c], as amended by Acts 1923, chapter 84).

Where employee sustained permanent injury to leg and also to back from falling slate, disabilities were not distinct arising from concurrent disability, wherein minor merged into major and entitled employee to compensation only for injury producing longest period of disability, but entitled him to compensation under Acts 1919,

chapter 123, section 28 (c), as amended by Acts 1923, chapter 84, as for single injury causing permanent partial disability. (*Post*, *p*. 259.)

4. **MASTER AND SERVANT.** Period of disability is open for future adjustment if employee's condition changes (Acts 1919, chapter 123, section 38).

Under Workmen's Compensation Act, section 38, period of disability may be adjusted after grant of award in event of change in condition of employee. (*Post, p*. 259.) .

---

*Headnotes 1.   Workmen's Compensation Acts, C. J., Section 144 (Anno); 2. Workmen's Compensation Acts, C. J., Section 144; 3. Workmen's Compensation Acts, C. J., Section 89 (Anno); 4. Workmen's Compensation Acts, C. J., Section 151.

---

FROM WHITE.

---

Appeal from the Circuit Court of White County.— Hon. J. R. Mitchell, Judge.

Hill, Frater & Hill, for appellant.

Camp & Butler, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The employer, Bon Air Coal & Iron Corporation, appealed from the judgment of the circuit court awarding the employee, Sam L. Johnson, compensation, under chapter 123, Acts of 1919, of $12 a week for three hundred weeks.

The employee, a mine worker, was injured by slate falling from the roof of the mine, which, according to his insistence, caused the fracture of the femur near the hip joint and injured the hip and back; and the combined injury to the leg, hip, and back resulted in a permanent partial disability, not specifically mentioned in the act, provided for in the last paragraph of section 28 (c) as amended by chapter 84, Acts of 1923, as follows:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of twelve ($12) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks."

The employer insists that the injury was to the leg, and that compensation should be for permanent partial disability in the use of the leg at $12 a week for a period not more than one hundred seventy-five weeks, the exact period determinable by the proportion which the extent of the injury bears to a total loss in the use of a leg.

The trial judge found that:

"Petitioner sustained what is commonly called a 'broken hip, or hip joint fracture known as an intra-capsular fracture,' which is a fracture of the head of the femur within the capsular ligament that incloses the hip joint. He also sustained at the same time and in the same accident and from the same cause, injuries to the ligaments and muscles, or both, of the back, adjacent to and posterior from the hip joint. As a result of the fracture petitioner has a shortening of the leg of about one inch.

"As a result of these injuries to the ligaments and muscles of the back, petitioner suffers pain in the back extending up into the neck, and his back gives out when he tries to work.

"The injuries, both to the hip and to the back, are permanent, and have resulted in petitioner's permanent partial disability of a character not set out nor enumerated in the Workmen's Compensation Act, for which he is entitled to be compensated under the rule laid down in the last paragraph of subsection (c), section 28, chapter 123, Acts of 1919, as amended."

The court also found that petitioner's earning capacity was reduced by the injury from $50 a week, his wage before the injury, to less than $20 a week, his wage after the injury, and that fifty per cent. of the difference was approximately $15 a week, which, under the act, called for an allowance of the maximum compensation of $12 a week.

The employer insists through its assignments of error that the employee sustained concurrent injuries resulting in concurrent disabilities, and should receive compensation only for the injury which produced the longest period of disability—that is, to the leg—and that the trial court committed error in holding that the employee sustained a permanent injury to his back as a separate and distinct injury from the injury to the leg.

Upon review in the supreme court of the action of the trial court in cases presented under the Workmen's Compensation Act, the most favorable view in support of the petitioner's claim must be accepted. *Milne* v. *Sanders,* 143 Tenn., 603, 228 S. W., 702; *Vester Gas Range Co.* v. *Leonard,* 148 Tenn., 672, 257 S. W., 395. If there is

Coal & Iron Corp. v. Johnson.

material evidence to support the judgment of the trial court the conclusion will not be disturbed on appeal. *American Zinc Co.* v. *Lusk,* 148 Tenn., 220, 255 S. W., 39; *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn., 346, 265 S. W., 543; *Black Diamond Collieries* v. *Deal,* 150 Tenn., 474, 265 S. W., 985.

There is material evidence to support the conclusion of the trial court that the petitioner suffered injury, not only to the leg, but to the hip and the back, which combined produced a permanent partial disability not confined altogether to the leg, and a disability not enumerated and provided for in the act, for which he was entitled to compensation under the provision of the last paragraph of subsection (c), section 28, first quoted. They are not distinct disabilities arising from a concurrent disability which merge the major into the minor disability, but a single injury affecting the use of the body about the hip and back which caused a permanent partial disability that reduced the petitioner's earning capacity to the extent found by the trial judge.

The period of the disability of course cannot always be determined. It was necessary for the trial court to act upon the facts as they appeared on the trial. Section 38 of the act leaves the matter open for future adjustment in the event of a change in the condition of the employee.

The judgment of the trial court is affirmed.