GORDON CASTEEL *v.* ALUMINUM COMPANY OF AMERICA.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

KRAMER & KRAMER, for plaintiff in error.

GAMBLE, GODDARD & GAMBLE and S. E. YOUNG, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is an appeal by an employee from an award made by the trial judge in his favor under the workmen's compensation law.

His Honor found that the employee sustained an injury arising out of and in the course of his employment and that as a result thereof he had suffered a disability of his left foot amounting to twenty per cent of the use thereof. It was found that the petitioner was receiving an average weekly wage of $15.41 and that he was entitled to compensation for a period of twenty-five weeks at the rate of $7.70, amounting to $192.62. It was further found that the employee had theretofore received compensation in the sum of $33.01 for which the employer was entitled to credit; and that the employer had paid the employee wages after the injury for a period of eighteen weeks, amounting to $277.38, and the court was of opinion that the employer was entitled to a credit of fifty per cent of the wages so paid after the injury. Mak-

ing these deductions from the award, the court found a balance due of $20.92 for which he gave judgment.

It is assigned for error that the trial judge improperly fixed the employee's disability at twenty per cent of the loss of the use of the foot. The employee's doctor testified that the disability was a thirty-five per cent loss of the use of the foot and the employer's doctor testified that there was no loss of the use of the foot. It is accordingly said that there was no evidence which justified the finding of a twenty per cent loss.

We think this assignment of error is not well made. In *Ezell* v. *Tipton*, 150 Tenn., 300, it was held that a trial judge who has the employee before him and is in a position to observe the use the employee has of an injured member, may, from such observation, reach his own conclusion as to the extent of the disability of that member. Where there is a conflict of the medical testimony as in this case, and the disability is susceptible of lay observation and ascertainment, it seems that there is no impropriety in such a course.

Moreover, notwithstanding a finding of the trial judge that the employee was paid, after his injury, wages substantially equivalent to the wages he was receiving before his injury, an examination of the evidence shows that the employee received about $12 weekly after his injury, whereas he was receiving about $15 before his injury, indicating a twenty per cent loss in earning power. The employee testified that he was put to lighter and easier work after his injury.

The employee also assigns for error that the court below charged the award in his favor with fifty per cent of the wages he earned after his injury and we think this assignment of error is well made.

Chapter 123, Acts of 1919, section 28, subsection c, contains a schedule of compensation payable for permanent partial disabilities resulting from the loss of the several members of the body enumerated. Among others:

"For the loss of a foot, fifty per centum of average weekly wages during one hundred and twenty-five (125) weeks."

Further on it is provided:

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of the use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

The award made by the court below was in strict observance of the foregoing. We do not, however, find authority in the statute for the set-off against the award of one-half of the wages earned by the employee after injury.

In the first paragraph of subsection c, introducing the schedule, it is enacted "in cases included by the following schedule, the compensation shall be that named in the schedule, to-wit, etc., etc."

In cases of permanent partial disability not enumerated in the schedule, "the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of eleven ($11) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks."

In case of a permanent partial disability not enumerated, not included in the schedule, it is proper and necessary to look to earnings after injury to determine the amount of compensation to be awarded. In case of a permanent partial disability enumerated, however, included in the schedule, the statute conclusively presumes that proper compensation is that set out, and so enacts. We see no room for a different construction of the statute. The disability is statutory and the compensation is statutory.

It is true that in one paragraph of subsection c it is provided that "if an injured employee refuses employment suitable to his capacity, offered or procured for him, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless at any time in the opinion of the judge or chairman of the court of the county of his residence such refusal is justifiable."

The reason of this requirement is obvious in cases of permanent partial disability not scheduled. In cases of permanent partial disability enumerated in the schedule, the reason for the requirement is not so clear. Perhaps, since the statute, as frequently pointed out, was enacted for the protection of society, it was deemed unwise to pay compensation under any circumstances to employees who refused to help themselves so far as they were able. At any rate, we do not see that such language could qualify the definite provision that scheduled compensation should be paid for scheduled injuries.

It would be of little avail to review the decisions in other jurisdictions. Compensation statutes differ widely. It has been held in many cases, however, that the circumstance that an employee may earn more after injury than he did before does not of itself deprive him of the right

to compensation. Schneider on Workmen's Compensation Law, section 402, Note 17, A. L. R., 205.

There is nothing contrary to what we have said in *Ezell* v. *Tipton, supra.* In that case the employee conceded for some reason, not apparent, that his award should be credited with fifty per cent of wages received by him after injury.

Insofar as the judgment below ordered the credit on the award of $138.69, it will be modified. Otherwise affirmed.