Huggins *v.* B. C. Jarrell & Co.

(*Jackson,* April Term, 1935.)

Opinion filed June 1, 1935.

G. C. SHERROD, of Humboldt, for plaintiff in error.

LLOYD S. ADAMS and J. D. SENTER, JR., both of Humboldt, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petitioner sued under the Workmen's Compensation Act (Pub. Acts 1919, chapter 123, as amended), alleging disability from the loss of use of his eyesight as a result of accident arising out of the employment. He testified that on January 11, 1933, the end of a wire, or a fragment from a wire, struck him in the right eye and injured it, resulting in inflammation that impaired the vision of both eyes. In his statement about the injury, the petitioner is corroborated by other employees at the plant, and as to the nature and duration of the

injury by the testimony of Mrs. Huggins and by the testimony of a physician.

Physicians introduced by the defendant testified that petitioner was affected with chronic conjunctivitis, a disease which inflames the membranes that line the inner surface of the eyelids. One of the physicians testified that the injury complained of might have caused acute conjunctivitis followed by the chronic condition.

The petitioner testified that his vision was impaired 50 per cent or more. Some of the physicians testified that there was no impairment when properly fitted glasses were used, and a physician introduced by petitioner testified that so far as he could observe the impairment would not exceed ten per cent.

The trial judge was of the opinion that the measure of compensation would be the difference between the petitioner's wage before the accident and after the accident, and held that inasmuch as petitioner earned as much, or more, after the injury as he earned before the injury, there could be no recovery, and so he said: "Without having to pass upon the question as to whether this accident arose out of his employment, the petitioner's suit will be dismissed."

The Compensation Act does not measure compensation for loss of an eye by the injured employee's incapacity to work, and the consequent diminution of his wage-earning ability. *Catlett* v. *Chattanooga Handle Co.,* 165 Tenn., 343, 345, 55 S. W. (2d), 257.

The Compensation Act, section 28 (c), provides: "For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by the following schedule, the compensation shall be that named in the schedule, to-wit:

. . ." The schedule then proceeds to specify the compensation for the several members of the body, among others, "for the loss of an eye, fifty per centum of average weekly wages during one hundred (100) weeks. . . . In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

The concluding paragraph of subsection (c) of section 28 reads: "In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition."

By section 28 (e) it is provided that total loss of sight of both eyes shall constitute total disability, and for such disability section 28 (d), as amended by Pub. Acts 1923, chapter 84, section 1, fixes the compensation at 50 per centum of the employee's average weekly wages subject to the maximum of $12 a week.

The foregoing provisions are controlling. It will be observed that compensation is allowable for disability from loss of an eye or other member, rather than loss of earning capacity. Under statutes containing such a provision, it is held that the question of whether or not the employee's wages are at the time diminished is immaterial. The compensation is fixed by the act because of impairment of physical efficiency that may in the future affect the employee's earning capacity. *White*

v. *Tennessee Consol. Coal Co.*, 162 Tenn., 380, 36 S. W. (2d), 902; *Crane Enamelware Co.* v. *Dotson*, 159 Tenn., 561, 20 S. W. (2d), 1045; *Burbage* v. *Lee*, 87 N. J. Law, 36, 93 A., 859; *De Zeng Standard Co.* v. *Pressey*, 86 N. J. Law, 469, 92 A., 278; *Marhoffer* v. *Marhoffer*, 175 App. Div., 52, 161 N. Y. S., 527; *Eubanks* v. *Barnsdall Oil Co.* (Okla. Sup.), 35 P. (2d), 873; L. R. A., 1916A, Annotation (b), page 254; L. R. A., 1917D, annotation, page 167.

In *De Zeng Standard Co.* v. *Pressey,* the reason for the rule is very well stated. It is not necessary to repeat it here.

*Wilkinson* v. *Johnson City Shale Brick Corp.*, 156 Tenn., 373, 299 S. W., 1056, 2 S. W. (2d), 89, is not contrary to the rule above stated, for in that case the impairment of eyesight and of mental faculties combine to produce a disability compensable by reference to the employee's diminished wages under the classification of the act "all other cases not enumerated."

Upon appeal from the judgment of the trial court without a jury, it is generally the rule to review the record and render such judgment as the trial court should have rendered, but here the trial judge did not consider the facts. It seems that counsel for the defense relied altogether upon the rule that an accident to an eye was not compensable unless there was a diminution of earning capacity. Moreover, evidence of causal connection between the impaired eyesight and the alleged injury is altogether unsatisfactory as well as evidence of the extent of impairment of the eyesight. In this situation the rights of the parties could not be adjudicated here, and it becomes necessary to reverse and remand for a hearing and determination upon the facts of the case.

See *Sledge* v. *Hunt*, 157 Tenn., 606, 612, 12 S. W. (2d), 529.

Reversed and remanded.

### On Petition for Rehearing.

Mr. Justice Cook delivered the opinion of the Court.

By the petition for rehearing the defendant insists that partial loss of use of an eye or eyes should be measured by the rules stated in the last paragraph of subsection (c), section 28, of the compensation act (Pub. Acts 1919, chapter 123, section 28(c), as amended by Pub. Acts 1923, chapter 84, section 1) which reads:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition."

Preceding provisions of subsection (c), section 28, specify the compensation for both total and permanent loss or loss of use of the member of a body, as a finger, toe, foot, leg, or eye, etc., and specifically declare that for less than total loss of a member compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for total loss or total loss of use of the respective member which the extent of injury to the member bears to its total loss of use. The compensation thus definitely fixed by provisions preceding that relied upon by defendant cannot be brought by judicial construction within the class of cases not specifically measured and therefore provided for by the last paragraph of subsection (c), section 28, above quoted.

See *Casteel* v. *Aluminum Co. of America*, 161 Tenn., 407, 33 S. W. (2d), 61.

The fact that two eyes instead of one are involved would not transfer the measure of compensation to that class of cases involving "permanent partial disability not above enumerated." Compensation is definitely fixed for impairment of use or loss of use of efficient members of the body, without reference to the immediate diminution of earnings. This was made so because of the effect of such impairment or loss upon the employee's ability to find employment at large.

Rehearing denied.