CRANE ENAMELWARE CO. *v.* CRAWLEY.

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

C. A. Noone, of Chattanooga, for plaintiff in error.

Clarence Kolwyck and Thomas, Folts & Brown, all of Chattanooga, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a compensation suit in which there was an award in favor of the employee as for permanent partial disability. The trial judge found that the employee had sustained a ten per cent loss of the use of a leg and fixed the award as directed by Code, sec. 6878(c). The employer has appealed in error to this court. It is conceded that the employee received an injury about his knee arising out of and in the course of his employment. The employer paid him compensation for a time and also furnished him with operations and hospitalization. The controversy is as to whether the employee has sustained any permanent partial disability and, if he has, whether he is entitled to compensation since at the time of suit he was earning more than before he suffered the injury.

The employee himself testified as to the injury to his knee and his leg was examined by the trial judge in open court. A qualified physician was introduced in behalf of employee and he testified as to the employee's injury, expressed the opinion that the injury was permanent, and placed the disability to the leg by reason of the injury at twenty per cent.

Other doctors were introduced by the defendant, who disagreed with the employee's medical witness. The doctors offered by defendant said that the injuries to the employee's knee had been entirely cured by the operations

and that there was no disability of the leg at the time of the trial.

▌Inasmuch as the finding of the trial judge that there was a permanent partial disability of employee's leg is supported by his own evidence, that of his doctor, and the observation of the judge himself, it cannot be said that there is no substantial evidence to sustain the judgment in the employee's favor.

▌It is shown that the employee is now earning more in a concern engaged in government work than he earned at the time he was injured, and this circumstance, the defendant insists, deprives the employee of any right to compensation even if it be admitted that he had suffered permanent partial disability to his leg.

Section 6878 of the Code contains a schedule of specific injuries and sets out the rate of compensation to be paid for same. Among these items the amount of compensation to be paid for the loss of a leg is set out. A paragraph of Code, sec. 6878, is as follows:

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

Under the provision just above quoted, the court below fixed the prescribed rate at ten per cent of the compensation the employee would have received for the loss of a leg. It is urged by defendant that this ruling conflicts with the decisions of this court in *Sun Coal Co.* v. *Epperson,* 178 Tenn., 114, 156 S. W. (2d), 400, and *Standard Surety, etc., Co.* v. *Sloan* (Tenn. Sup.), 173 S. W. (2d) 436.

The case last cited is not in point. The injury there was not to a scheduled member of the employee's body, but according to the finding of the trial court was an injury "to the spine or vertebra resulting in a permanent partial disability to the extent of twenty-five per cent." Such being the nature of the injury, the court held that the employee's compensation was to be fixed by another paragraph of Code, sec. 6878, as follows:

"In all other cases of permanent partial disability not above enumerated the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition subject to a maximum of sixteen dollars per week."

Since the employee was earning more at the time of suit than at the time he was hurt, it was held that he had suffered no compensable injury.

In *Sun Coal Co.* v. *Epperson* the flesh end of the employee's thumb was split open and a portion of the flesh was cut off, making that thumb slightly shorter than the thumb on the other hand. It was affirmatively shown that there was no loss of use of the injured thumb. On the contrary, the employee was able, after the wound healed, to use the member for all purposes that it had been before employed. He was earning more after the accident than previously and was denied compensation.

Certain observations made by the court in *Sun Coal Co.* v. *Epperson* are pressed upon us here, but these were made in a case where there had been no loss of use of the injured member and are not here controlling.

This court has repeatedly ruled, construing section 6878 of the Code, that scheduled compensation for scheduled injuries must be paid where there is a loss of

the scheduled member or a partial loss of use of the scheduled member. Earnings of the employee after the loss of such a member or the partial loss of use of such member are not taken into account.

In *Casteel* v. *Aluminum Co.*, 161 Tenn., 407, 411, 33 S. W. (2d), 61, 62, it was sought to have the scheduled compensation for partial loss of use of the foot credited by the earnings of the employee after the injury. This effort failed. The court said:

"In case of a permanent partial disability not enumerated, not included in the schedule, it is proper and necessary to look to earnings after injury to determine the amount of compensation to be awarded. In case of a permanent partial disability enumerated, however, included in the schedule, the statute conclusively presumes that proper compensation is that set out, and so enacts. We see no room for a different construction of the statute. The disability is statutory and the compensation is statutory."

In *Davenport Silk Mills* v. *Dillinger,* 163 Tenn., 402, 43 S. W. (2d), 493, it was held that in awarding compensation for permanent partial disability enumerated in the schedule wages earned by the petitioner subsequent to his injury should not be deducted from the award provided by the schedule—expressly approving *Casteel* v. *Aluminum Co., supra.*

The same question came up in *Huggins* v. *B. C. Jarrell & Co.*, 169 Tenn., 77, 80, 82 S. W. (2d), 870, 871, 84 S. W. (2d), 100, where compensation was sought for the loss of an eye, and the court referring to the provisions of section 6878 of the Code said:

"The foregoing provisions are controlling. It will be observed that compensation is allowable for disability

from loss of an eye or other member, rather than loss of earning capacity. Under statutes containing such a provision, it is held that the question of whether or not the employee's wages are at the time diminished is immaterial. The compensation is fixed by the act because of impairment of physicial efficiency that may in the future affect the employee's earning capacity.''

And again, in the same case, 169 Tenn., at page 82, 84 S. W. (2d), at page 101, the court said:

''Preceding provisions of subsection (c), sec. 28, specify the compensation for both total and permanent loss or loss of use of the member of a body, as a finger, toe, foot, leg, or eye, etc., and specifically declare that for less than total loss of a member compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for total loss or total loss of use of the respective member which the extent of injury to the member bears to its total loss of use. The compensation thus definitely fixed by provisions preceding that relied upon by defendant cannot be brought by judicial construction within the class of cases not specifically measured and therefore provided for by the last paragraph of subsection (c), sec. 28, above quoted.''

The endeavor there was to have compensation determined by the provision regulating compensation where a scheduled member of the body was not involved—the difference between the wages at the time of the injury and the subsequent wage.

None of the decisions here reviewed were alluded to in *Sun Coal Co.* v. *Epperson* nor in *Standard Surety, etc., Co.* v. *Sloan*, and there was no intention in either of the later cases to overrule those decided earlier.

The judgment of the court below is affirmed.