KING & MIZE LUMBER CO. *et al. v.* HOUK.

(*Knoxville*, September Term, 1947.)

Opinion filed January 16, 1948.

Rehearing denied February 28, 1948.

64

HODGES & DOUGHTY, of Knoxville, for plaintiff in error.

R. L. OGLE, of Sevierville, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Beecher Houk, under the Workmen's Compensation Act, Code, Section 6851 *et seq.*, filed this suit for compensation for injury arising out of and in the course of his employment. As an employee of the Lumber Company, on February 23, 1946, while using a wrench, the tool slipped and fractured one of Houk's ribs. He was totally disabled until March 23, when he returned to the employment of the Company, doing lighter work than he had before the accident. He was paid at the same rate that he had been paid before the accident. Four weeks later he stopped his work with the Lumber Company and took a job with the Stokley Canning Company from April 20, 1946, until September 7, 1946. He was paid by the Canning Company at as high or higher rate than he had been by the Lumber Company. From September 7 to September 14, 1946, he was in the employ of the Sevier County Fair Association and paid at a higher rate than he had been by the Lumber Company,

It is Houk's testimony that at all times while he was working after the accident he suffered some pain and that the pain and discomfort grew steadily worse, and that after September 7, he was not able to do any work, whatever, on account of that pain and discomfiture. The plaintiff is an unskilled manual laborer, and both at the Lumber Company and at the Canning Company, his work had necessitated the lifting and moving of heavy objects. The plaintiff's testimony that he suffered pain and was weak and short of breath, is supported by the testimony of fellow employees and foremen in testimony that plaintiff had to take frequent rests during working hours on account of his physical condition.

In awarding compensation for partial total disability, the Trial Judge made detailed findings of fact. We quote from these findings:

"Further examinations (by Plaintiff's physician, Dr. Broady) proved that the defendant had adhesions in the region of the fractured rib. This is testified to by plaintiff's doctor, and is admitted by Dr. Yarberry, witness for the defendant. That the adhesions had to come from some injury or scar, is admitted by all of the doctors. His breathing is impaired to a great extent. It would not take a doctor to understand this. Dr. Broady used not only the x-ray, but the flouroscope as well. Dr. Yarberry did not use the flouroscope.

"The only other time the plaintiff had had an injury or anything happened to him that would leave a scar to produce adhesions was about twenty years ago, when he had appendectomy. He testified, as did other witnesses, that he had been a hard worker, and that he had had no trouble until the time of this accident in February, 1946. Dr. Broady testified that from the history of the case and from his examinations, he was of the opinion that the

adhesions and the raising of the diaphram were caused by complications from the injury received while working for the defendant. If the scars from the appendectomy had caused the adhesions, this would have showed up long ago. The Court finds that the injuries were received while working for the defendant.

"From a preponderance of the evidence, this plaintiff has an injury that is a permanent partial disability. One of the doctors is of the opinion that injury is permanent. The plaintiff says that he has such pain that he cannot do ordinary work, and all the doctors admit that you cannot be certain when some one else has pain."

The first two assignments of error assert that there is no evidence to support a finding (1) that after March 23, Plaintiff was suffering from a compensable disability, and (2) that disability was caused by the accident of February 23.

In effect, defendant denies that plaintiff is suffering from any disability, but then asserts that if he is, that the disability from which the plaintiff is suffering, or was suffering at the time he filed suit, did not arise out of the employment. In view of the Trial Judge's award of compensation we will not review the evidence further than is necessary to justify a conclusion that there was some material evidence to support the award. From this record, we think the testimony of the plaintiff, as it was supported by that of Dr. Broady, contains the necessary material evidence that the plaintiff, after March 23, was suffering a disability which resulted from the accident.

The effect of plaintiff's testimony is that prior to the accident he was well, strong and suffered no pain, but that after it, his work caused constant pain and weakness. The Court has frequently approved cases in which the only causal relation between the accident and injury was

based on "reasonable inference." *Hartwell Motor Co.* v. *Hickerson*, 160 Tenn. 513, and cases cited in the opinion at page 520, 26 S. W. 2d 153. In some of those cases the result was reached by the process of elimination, as it is here. Dr. Broady testified that adhesions were present in plaintiff's body; that the reasonable effect of such adhesions was pain, weakness and shortness of breath, and that an accident such as plaintiff had suffered, was a reasonable cause of such adhesions. We think this was material evidence to support the finding of the Trial Judge on the contested points. MR. JUSTICE SUTHERLAND said "it is enough if there be a causal connection between the injury and the business . . . a connection substantially contributory though it need not be the sole or proximate cause. . . . No exact formula can be laid down which will automatically solve every case." *Cudahy Packing Co.* v. *Parrmore*, 263 U. S. 418, 44 S. Ct. 153, 154, 68 L. Ed. 366, 30 A. L. R. 532.

█ The facts here which distinguish this case from the rule made in *Standard Sur. & Cas. Co.* v. *Sloan*, 180 Tenn. 220, 173 S. W. 2d 436, 149 A. L. R. 407, are that when plaintiff returned to work after the accident, he continued to suffer pain while working. The pain increased progressively during his employment at Stokley's and at the Fair, so that finally, on account of pain and weakness and shortness of breath, he had to stop working entirely. From the record, plaintiff is an unskilled manual laborer, skilled to do only such labor as requires a strong and active man. Plaintiff is, therefore, not like Sloan, 180 Tenn. 220, at page 224, 173 S. W. 2d 436, who, in spite of disability, had greater earning power after than before the accident. There is no evidence of plaintiff's earning power at lighter work or partial employment, so that after the finding of permanent partial

disability, the award must be for the total amount under the statute.

■ Considering the third assignment of error, the Trial Judge found that plaintiff had sustained "partial permanent disability." The disability was not of such a kind as to be covered by the schedule set out in Code sec. 6878. It was, therefore, covered by the following provision of that section as it was in force in February 1946: "In all other cases of permanent partial disability not above enumerated the compensation shall be sixty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition subject to a maximum of eighteen dollars per week. Compensation shall continue during disability, not, however, beyond three hundred weeks." Williams Code, sec. 6878 (c), Cumulative Pocket Supplement 1946.

The judgment below must be modified to conform with that section. Plaintiff is entitled to four weeks compensation for temporary total disability from February 23, to March 23, 1946, unless that sum has already been paid.

Plaintiff's average weekly wage prior to the accident exceeded $18 per week. Under the foregoing Code section providing compensation for 300 weeks, plaintiff is entitled to a judgment for: 4 weeks temporary total disability; 271 weeks at 60% of $18 (296 weeks less credit to the defendant for the 25 weeks during which plaintiff was employed by the Stokley and the Sevierville Fair). To this extent the third assignment of error is sustained and the case remanded for the entry of a judgment to conform with this opinion. The parties will divide the costs of the appeal.

All concur.