606

New Jellico Coal Co. *v.* Gilburth.

*(Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

Hodges & Doughty, of Knoxville, for plaintiff in error.

WILLIAM O. GILBREATH, of Clinton, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The sole question presented by this appeal is the legal effect under our Workmen's Compensation Law, Williams' Code sec. 6851 et seq., of certain stipulated facts.

Mr. Gilburth received a leg injury in the course of and growing out of his employment by the New Jellico Coal Company. There was no physical loss of any part of this leg, but there is a permanent loss of 25% of its use. This partial permanent loss of use has not decreased Gilburth's earning capacity. He has returned to the work he was doing at the time he was injured, and is receiving the same rate of pay. He has been paid as provided by the act for the time he lost (temporary total disability).

The insistence of the New Jellico Coal Company is that Gilburth is not entitled under the workmen's compensation law to any compensation for the partial permanent loss (25%) of the use of this leg, since this partial loss of use has not decreased his earning capacity.

Gilburth's insistence is that he is entitled to 25% of the amount fixed by the workmen's compensation law for the total loss of a leg, less the credit allowed for payments made because of his temporary total disability.

The Circuit Judge sustained Gilburth's insistence. The employer, New Jellico Coal Company, has appealed and here presents the question stated.

The provision of the workmen's compensation law which controls the answer to the question presented is carried in that paragraph of code section 6878(c) reading:

608

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of· such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

In *Huggins* v. *B. C. Jarrell & Co.*, 169 Tenn. 77, 82 S. W. (2d) 870, 84 S. W. (2d) 100, the same question was presented by reason of the permanent loss of part of the use of an eye. It was held that under the above quoted provision of the act:

"The question of whether or not the employee's wages are at the time diminished is immaterial. The compensation is fixed by the act because of impairment of physical efficiency that may in the future affect the employee's earning capacity." 169 Tenn. at page 80, 82 S. W. (2d) at page 871.

In *Crane Enamelware Co.* v. *Crawley*, 180 Tenn. 272, 174 S. W. (2d) 458, the employee had a permanent loss of 10% of the use of his leg. In the language of that opinion, in so far as material here, "the controversy is as to. . . whether he is entitled to compensation since at the time of suit he was earning more than before he suffered the injury." 180 Tenn. at page 273, 174 S. W. (2d) at page 459. Responding to this question the Court said:

"This court has repeatedly ruled, construing section 6878 of the Code, that scheduled compensation for scheduled injuries must be paid where there is a loss of the scheduled member or a partial loss of use of the scheduled member. Earnings of the employee after the loss.

of such a member or the partial loss of use of such member are not taken into account." 180 Tenn. at pages 275, 276, 174 S. W. (2d) at page 460.

The employee was adjudged entitled under Code, section 6878(c) to 10% of the amount which would have been allowed by the act had there been a total loss of his leg, notwithstanding the fact that the employee was earning more at the time of the suit than when he suffered the permanent partial loss of his leg.

In *Tennessee Products Corp.* v. *Atterton,* 182 Tenn. 110, at page 111, 184 S. W. (2d) 371, 372, the employee had sustained a permanent loss of $33\frac{1}{3}\%$ of the use of his eye, but he was "earning more money since he returned to work than he was before" the injury to his eye. The employer again made the question presented here, and again it was held under the above quoted provision of Code, section 6878(c) that the employee was entitled to compensation of $33\frac{1}{3}\%$ of the amount fixed by the statute for the total loss of an eye.

The three decisions of this Court above referred to are conclusive as to the identical question again presented in the instant case, and necessitate our agreement with the holding of the Circuit Judge that Gilburth is entitled under Code section 6878(c) to 25% of the amount fixed by the statute for total permanent loss of a leg or its use, notwithstanding the fact that when Gilburth returned to work his earning capacity was not less than at the time his leg was injured.

Employer, New Jellico Coal Company, relies on *Sun Coal Co.* v. *Epperson,* 178 Tenn. 114, 156 S. W. (2d) 400. There is in that case a statement or language which, when separated from the entire context and with a disregard of the particular facts of that case, seem to justify the

insistence here of New Jellico Coal Company. Cognizance of that situation was taken by this Court in *Crane Enamelware Co.* v. *Crawley, supra,* wherein it was pointed out that in *Sun Coal Co.* v. *Epperson* "it was affirmatively shown that there was no loss of use of the injured thumb. On the contrary, the employee was able, after the wound healed, to use the member for all purposes that it had been before employed." 180 Tenn. at page 275, 174 S. W. (2d) at page 460.

Again in *Tennessee Products Corp.* v. *Atterton, supra,* the same insistence was made as to what was held in *Sun Coal Co.* v. *Epperson, supra,* and again this Court repeated the distinction which it had previously pointed out in *Crane Enamelware Co.* v. *Crawley, supra.*

So we must here again hold that the facts of *Sun Coal Co.* v. *Epperson, supra,* distinguish it from the instant case in the manner pointed out in *Crane Enamelware Co. v. Crawley, supra.* We must also reject the insistence that *Hix* v. *Cassetty,* Tenn. Sup., 210 S. W. (2d) 481, reaffirms what counsel says *Sun Coal Co.* v. *Epperson, supra,* held: First, because *Sun Coal Co.* v. *Epperson, supra,* did not hold what counsel thinks it held, as pointed out in our two subsequent cases heretofore mentioned; second, because the question in *Hix* v. *Cassetty, supra,* was decided upon controlling facts exactly the opposite of those in *Sun Coal Co.* v. *Epperson, supra. Hix* v. *Cassetty, supra,* had no intention of overruling *Huggins* v. *B. C. Jarrell & Co., supra; Crane Enamelware Co.* v. *Crawley, supra,* and *Tennessee Products Corp.* v. *Atterton, supra,* and does not refer to either of these cases.

Judgment affirmed with costs adjudged against New Jellico Coal Company.

All concur.