Southern Mfg. Co. *et al. v.* Wade.

(*Nashville,* December Term, 1948.)

Opinion filed April 30, 1949.

ROBERTS & ROBERTS, of Nashville, for plaintiffs in error.

HOWARD F. BUTLER, of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In July, 1945, Mrs. Wade, defendant in error, received an injury arising out of and in the course of her employment by plaintiff in error, Southern Manufacturing Company. As a result, she is forty-one and one-half (41½%) per cent permanently disabled. She returned to work thirty-eight weeks after this injury and has been employed continuously at the same wages she was receiving at the time of the injury. Southern Manufacturing Company and its insurer, Travelers Insurance Company, paid her fifty (50%) per cent ($12.00) of her wages per week for these thirty-eight-weeks.

The employer and its insurer insist that she is entitled to no further compensation because she is earning as much as she was earning when she was injured. Mrs. Wade contends, and the Trial Judge held, that she is entitled to compensation at $12 per week for forty-one

and one-half (41½%) per cent of three hundred weeks, the number of weeks then fixed by the Workmen's Compensation Act for permanent total disability.

Mrs. Wade's left hip was broken as the result of a fall. There was "an injury to the socket which passes up above the leg." Her back is also injured, there being "a slight change in the lumbar spine." By reason of this, the left leg is longer than the right. Her back hurts when she walks or stands and when she is sitting, so much so that she sits in an abnormal position. There is a painful pressure in the left thigh. Her suffering "is due partly to the hip which was broken and partly to trouble in the lumbar region of her spine."

In the Workmen's Compensation Act schedule of compensation for permanent partial disability there is specified the amount of compensation to be paid for the permanent loss, total or partial, of the use of specified members of the body, or specified combinations of such members. Code Section 6878(c). In so far as the combination of injuries received by Mrs. Wade should be regarded as a single injury, that single injury is not one of those enumerated in this schedule. This injury comes, therefore, within that paragraph of section 6878(c) reading as follows:

"In all other cases of permanent partial disability not above enumerated the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition" subject to a certain maximum.

The Trial Judge based his award upon that provision of the law just quoted. He filed no specific findings of fact other than as such findings may be found in the

judgment which was entered. In so far as pertinent to this point, that judgment reads:

"It further appears that the average weekly wage of petitioner was (such) as to entitle her to receive compensation under the statute at $12.00 per week, and that she has already been paid that amount for 38 weeks and 4 days, ending April 22, 1946, so that petitioner therefore is entitled to recover said sum of $12.00 per week for a period of 124½ weeks, that being 41½ per cent of the 300 weeks fixed by statute in such cases, less the 38 weeks and 4 days which she has heretofore been paid; it further appears that petitioner is entitled to recover for 300 weeks, less the 38½ weeks which leaves a balance of 261½ weeks times the 41½ per cent which equals 108.51 weeks at $12.00 a week, or a total of $1302.12."

Judgment was rendered for $1302.12.

The trial judge erred in making an award under the above quoted provision of the Workmen's Compensation Act. Under that provision, the amount of the award to be allowed is "fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition".

Since Mrs. Wade in her partially disabled condition has at all times earned as much as she was earning at the time she received the injury, she cannot be awarded any amount under this provision of the act. The statute expressly so provides, and, accordingly, this Court has directly so held. *Standard Surety and Casualty Co. of New York* v. *Sloan*, 180 Tenn. 220, 228-229, 173 S. W. (2d) 436, 149 A. L. R. 407.

In support of the holding of the Trial Judge, Mrs. Wade refers us to *Bon Air Coal & Iron Corp.* v. *Johnson*,

153 Tenn. 255, 283 S. W. 447. There the employee did receive an injury which came within the above quoted provision of the Act. His earning capacity was reduced by the injury from $50 to $20 a week. The award was based upon the difference between these two figures. That, of course, was in exact accordance with the statutory provision above quoted. So, *Bon Air Coal & Iron Corp.* v. *Johnson, supra,* does not sustain Mrs. Wade's insistence. It is to the contrary.

It appears from the evidence that Mrs. Wade has sustained a permanent loss of part of the use of her leg. This is a scheduled injury for which she is entitled to compensation, section 6878(c) of the Code, without regard to the fact that her earning capacity has not been decreased. *Huggins* v. *B. C. Jarrell & Co.,* 169 Tenn. 77, 82 S. W. (2d) 870, 84 S. W. (2d) 100; *Crane Enamelware Co.* v. *Crawley,* 180 Tenn. 272, 174 S. W. (2d) 458; *Tennessee Products Corp.* v. *Atterton,* 182 Tenn. 110, 184 S. W. (2d) 371; *New Jellico Coal Co.* v. *Gilburth,* Tenn. Sup., 216 S. W. (2d) 329. While the record discloses that the permanent disability to her entire body from her multiple injuries is 41½%, it is not disclosed whether the partial loss of use of the leg is that per cent, or a greater or less per cent. Therefore, it is necessary to remand the case for the hearing of evidence and a finding as to the extent of the permanent loss of use of the leg, and an award to Mrs. Wade based upon that finding, with credit to the employer for the amount heretofore paid her. The award will be calculated, of course, upon the basis of 175 weeks allowed by the statute for a total loss of use of the leg, as expressly provided by the Act.

■ Under the circumstances stated in the immediately preceding paragraph, we think the costs of this appeal should be paid by plaintiffs in error. Reversed and remanded with costs of appeal so adjudged.