Allen *v.* Atlas Boot Co., Inc. *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

Petition to Rehear filed February 16, 1954.

Petition denied March 3, 1954.

Wesley P. Flatt and Wesley P. Flatt, Jr., both of Cookeville, for plaintiff.

Solon W. Fitzpatrick, of Carthage, George H. Armistead, Jr., and G. F. Bedenbaugh, both of Nashville, for defendants.

Mʀ. Jᴜsᴛɪᴄᴇ Pʀᴇᴡɪᴛᴛ delivered the opinion of the Court.

The trial judge held that from the evidence, the petitioner was permanently and totally disabled and awarded compensation at the rate of $17.06 per week for four hundred weeks, this amount to be credited by the amount paid by the company for compensation that they had paid her and the wages that they have paid her over this period of time since she was injured deducted from the total amount. He declined to award any additional compensation as, in his opinion, there was no material change in the difference in the amount she earned subsequent to the time she was injured. Both petitioner and defendants have appealed in error.

Mrs. Allen went to work for the defendant on July 11, 1949 and worked continuously up until the date of her injury on October 3, 1951. She had a job of laying shanks in boots and pulling out tacks. After she returned to work she was assigned the job of washing the tops of boots. She was classed as a common laborer. At the time petitioner was injured, she was doing piece work.

When she returned to work, she was still on a piece work basis but her minimum pay was 75¢ an hour.

Prior to her injury, petitioner was making $28.44 a week. That was her average pay. Since her injury, she has been making practically the same amount and the trial judge so found. The petitioner was paid 60% of $28.44, or $17.06 a week from the time she was injured up until the time she returned to work on January 7, 1952. She brought this suit in September, 1952. Her injury was caused by a box of boots falling and striking her in the back.

At the time petitioner was injured, she was examined by the company's physician, Dr. Terry, who took x-ray pictures of petitioner's back and found that there were no broken bones. He testified that in his opinion she had a 10% disability to her back.

Dr. Van Hooser of Smithville, the personal physician of petitioner, first examined her on March 2, 1953. He took x-ray pictures but found no evidence of any fracture. This physician testified that at the present time, petitioner has about 60% disability, which he thought could be reduced to about 20% if she followed the necessary treatment. Dr. Petross, a chiropractor with offices in Cookeville, rendered treatment to the petitioner and he stated that in his opinion she had at least 50 or 60% disability.

As before stated, the trial judge held that under all the proof, it appeared that the petitioner was permanently and totally disabled. It seems that Mrs. Allen wore a steel brace up and down her spine and according to the testimony, this caused great pain.

The trial court held that petitioner had been paid for 13 5/7 weeks at the rate of $17.06, or a total of $233.97 from October 3, 1951 to January 7, 1952, from date of

her injury until the date she went back to work with the defendants. The petitioner has been paid for her work since she went back with the company on January 9, 1952 through the week ending June 27, 1953 a total of $2125.21 as wages. The compensation petitioner received from October 3, 1951 to January 7, 1952, $233.97 plus the wages she has received from January 7, 1952 to the week ending June 27, 1953, $2,125.21, makes a total of $2,359.18, for which the defendants are entitled to credit. The Court held that the petitioner had received compensation from the defendants amounting to $2,359.18, making an equivalent of 138.28 weeks at $17.06 per week and that at the end of the 138.28 weeks from October 3, 1951, the defendant should begin paying the petitioner $17.06 per week into the hands of the clerk for the balance of the 400 weeks, or 261.72 weeks. The lower court declined to allow her compensation for 150 weeks as he found no material change in the difference in the amount she earned subsequent to the time she was injured.

In this case, the highest percentage of disability was 60% and this opinion came from the petitioner's personal physician. So, we think that under the record, the petitioner is entitled to this percentage for permanent partial disability and would be entitled to this on a basis of 300 weeks, which is the maximum number of weeks any partially disabled petitioner is entitled to receive compensation, less the amount paid to her while she was off duty because of total disability, which was 13 weeks, and also 78 weeks during which she was working at her usual wage after she returned to work.

In *King & Mize Lumber Co.* v. *Houk,* 186 Tenn. 63, 208 S. W. (2d) 342, the disability was not of such a kind as to be covered by the schedule. The petitioner had received

a permanent partial disability not enumerated in the Act. The amount of compensation due him was $18 per week. After the temporary total disability had ceased, the petitioner went to work for another party and this Court held that the petitioner was only entitled to 296 weeks, less the 25 weeks he worked, at 60% of $18. The Court deducted from the amount of the compensation to the petitioner the number of weeks during which petitioner had earned wages and received compensation.

The petitioner here claims that no deduction should be made for the compensation paid her during her total disability and the amount she earned after she returned to work, and relies upon *Casteel* v. *Aluminum Co. of America,* 161 Tenn. 407, 33 S. W. (2d) 61. This Court held in that case that in case of permanent partial disability *enumerated in the schedule,* the statute conclusively presumes that the proper compensation is that set out; and it is necessary to look to the earnings after injury only when the permanent partial disability *is not included in the schedule.*

These being our views, the case will be remanded to the lower court for computation of the amount due the petitioner according to the above holding, and the case will be proceeded with consistent with this opinion.