ADAMS *v.* LOONEY.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

C. L. BOYD and R. R. HAGGARD, SR., both of Waynesboro, for plaintiff.

BENNETT ESLICK, of Pulaski, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a case rising under the Workmen's Compensation Act, by which Adams sought compensation for personal injuries sustained during his employment as a timber cutter for Looney, who was admittedly operating under the Workmen's Compensation Act. The Trial Judge awarded compensation, and the defendant perfected this appeal. Numerous errors are assigned but they fail to comply with Rule 14, 185 Tenn. 866, and we will not consider them severally as the appeal presents but two questions: (1) whether there was substantial evidence to support the finding of the nature and extent of the injury by the Trial Judge; and (2) Whether the award was properly made under subsections (a) and (b) of Code Sec. 6878, as amended by the Act of 1949, or whether, as defendant apparently insists (by citing cases relevant only to that subsection), the award should have been made under subsection (c) of Code Sec. 6878.

On April 29, 1950, while Adams was cutting down a tree within the scope of, and in the course of his employment, the falling tree struck another tree and tore off a branch which fell and struck Adams in the head, fracturing his skull, causing concussion, impairment of the sight of his right eye, and impairment of the hearing in his right ear.

After a full hearing on the evidence and on the argument of counsel, the Trial Judge found that the petitioner sustained the injuries alleged in the declaration; that they arose out of and in the scope of his employment

in the amount set forth in the petition, and that he was entitled to compensation from the defendant therefor. The Court further found that from the date of the accident on April 29, 1950, until September 18, 1950, a period of 21 weeks, Adams suffered temporary total disability, and was entitled therefor to $10 per week, and a total of $210. The Court further found that from September 18, 1950, the petitioner suffered partial temporary disability to the extent of 33⅓ percent of his earning capacity, and for that disability he was entitled to the minimum of $8 per week for a period of 300 weeks as a maximum or the minimum provided by statute for the duration of that disability; that between September 18, 1950, and December 23, 1950, the petitioner had done some light work for the defendant for which he had received payment of $348, and the Trial Judge held that the sum of $348 should be deducted from the award.

Although subsections (a) and (b) of Code Sec. 6878 are not cited in the decree and finding of fact by the Trial Judge, it is abundantly clear from the structure of the decree and finding of fact, that the Trial Judge, in making the award, was carefully following these subsections. He held that after the accident on April 29, 1950, Adams suffered temporary total disability, and made his award in exact compliance with subsection (a) of Code Sec. 6878, and he then held that from and after the termination of the period of total disability, Adams had suffered, and at the time of the trial, was suffering temporary partial disability within the meaning of subsection (b) of Code Sec. 6878, and he, accordingly, made the award in careful compliance with the provisions of that subsection, allowing credit to the defendant for wages earned during the period of partial disability.

Since the following cases, cited by the defendant, have to do with the injuries covered by subsection (c) of Code Sec. 6878, they are not relevant here, and will not be further considered: *Standard Surety & Casualty Co. of New York* v. *Sloan,* 180 Tenn. 220, 173 S. W. (2d) 436, 149 A. L. R. 407; *Crane Enamelware Co.* v. *Crawley,* 180 Tenn. 272, 174 S. W. (2d) 458; *Southern Mfg. Co.* v. *Wade,* 188 Tenn. 398, 219 S. W. (2d) 901; *White* v. *Tennessee Coach Co.,* 184 Tenn. 158, 197 S. W. (2d) 795.

We will next consider whether the Trial Judge's award of temporary total disability from April 29 to September 18, 1950, and his award of temporary partial disability from September 18, 1950, for 300 weeks, was supported by substantial material evidence of probative value.

The testimony both of the petitioner and of his wife, as lay witnesses whose testimony was not objected to, both supported this finding.

Dr. D. L. Woods, a practicing physician of Waynesboro, whose qualifications as an expert were stipulated, testified that he had not treated petitioner at the time of his injury, and that the last time he had made an examination was on the 5th of September 1952; that he found that the petitioner had a decompression of the forehead, with some disfigurement; that it was his opinion that at the time of the accident, he suffered a concussion of the brain; some impairment of vision of both eyes, more pronounced in the right eye; that the petitioner complained of numbness of the right side of his head, but that he (the doctor) found no evidence of paralysis. This Doctor further testified that the result of a concussion is a severe shock to the entire body, followed by headaches which might continue for a few months or for a year or two. (Both petitioner and his wife had testified that

petitioner had constant headaches.)   Dr. Woods further testified:

"I judge, if he did heavy work, and he told me he was working in timber, I would say that he was disabled 50% or 75% after the injury."   (R. p. 58.)

Dr. Woods further testified (R. pp. 59-60) that in his opinion the petitioner would not suffer a permanent disability, but that in the course of time he would get better; that his partial disability was 33⅓%, which would continue for a few years, but not for the rest of petitioner's life.

On behalf of the defendant, a statement by Dr. William F. Meacham, which fully supports the finding of the Trial Judge as to the nature and extent of the original injury and resulting disability, and as to the finding of partial temporary disability, was introduced and is in part:

"At present time it certainly seems inescapable that Mr. Adams is having mild residual symptoms which are causing him some limitation of his usual occupational ability but there is no serious neurological disturbance and I would feel that he should be able to continue on with his present occupation. The only indication I see for elevation of the fracture would be for cosmetic (*sic*) purposes and he states that this is not particularly important to him."

From the foregoing, we conclude that the finding of the Trial Judge, was supported by substantial, material evidence and made under appropriate provisions of the statute.   The judgment is, accordingly, affirmed at the cost of the defendant.