HEDGES MANUFACTURING COMPANY and AETNA
CASUALTY & SURETY COMPANY, Plaintiffs in Error,

*v.*

CHARLES WORLEY, Treasurer of the State of Tennessee
and Custodian of the Second Injury Fund, and
CURTIS A. DAVIS, Defendants in Error.

442 S.W.2d 624.

(*Knoxville*, September Term, 1968.)

Opinion filed June 13, 1969.

DUNCAN, BOWEN & BREAZEALE, Chattanooga, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, and EVERETT H. FALK, Assistant Attorney General, Nashville, for Charles Worley, etc.

104

MR. JUSTICE CRESON delivered the opinion of the Court.

Plaintiffs in error, Hedges Manufacturing Co. and Aetna Casualty & Surety Co., appeal from a judgment of the Circuit Court of Hamilton County, Division 4, entered January 6, 1969, which set aside a judgment entered December 9, 1968, in the same cause. The judgment appealed from awarded to defendant in error Curtis A. Davis permanent partial workmen's compensation benefits of $5,040.00, as against plaintiffs in error herein, and permanent total workmen's compensation benefits of $8,818.00, as against the Second Injury Fund.

Curtis Davis, in 1938, sustained a 70% permanent partial disability as a result of a gunshot wound in his spine and left hip. He subsequently recovered sufficiently to enable him to work.

Despite his disability, Davis was employed in 1956 by Samuel Stamping and Enameling Company of Chattanooga, Tennessee. Davis continued to work for that company and for its successor, plaintiff in error Hedges Manufacturing Co., until August, 1967, when he was injured while working in the course and scope of his employment. He sought workmen's compensation benefits under the Tennessee law in a petition filed July 19, 1968.

Upon hearing of the cause, the trial court found (1) that the injury which Davis sustained in August, 1967, alone, left Davis 30% permanently partially disabled, (2) that, as a result of both the 1938 and the 1967 injuries, Davis is now 100% permanently and totally disabled, and (3) that Davis, as a result of the 1967 injury, was paid, prior to filing of this action, $2,676.25 for medical expenses and $2,142.00 as temporary total disability benefits by Hedges Manufacturing Co. and its insuror. The trial court concluded that Davis was entitled to recover from the Second Injury Fund under the provisions of T.C.A. sec. 50-1027.

The judgment of the trial court, entered December 9, 1968, was that Davis was entitled to recover $16,000.00, the maximum allowable under the Tennessee Workmen's Compensation law. The amount awarded was payable as follows: (1) from the Second Injury Fund, $11,200.00, as 70% of the total award, and (2) from Hedges Manufacturing Co. and its insuror, $2,658.00, as 30% of the total award after allowing a credit of $2,142.00 for temporary total disability benefits previously paid by Davis' employer and its insuror.

Defendant in error Charles Worley filed a motion to set aside the above-described judgment on the ground that the respective liability of the parties had been in-

correctly computed, "in that credit for 'temporary total disability payments' was given to * * * Aetna Casualty & Surety Company." The motion insisted that Davis should recover $5,040.00 from the employer and its insuror, and $8,818.00 from the Second Injury Fund.

Finding merit in the motion of defendant in error Worley, the trial court amended its judgment. The judgment appealed from, entered January 6, 1969, awarded benefits to Davis, as follows:

"7. That, prior to the filing of this action, petitioner was paid, by and on behalf of the defendants Hedges Manufacturing Company and Aetna Casualty and Surety Company, the sum of Two Thousand One Hundred and Forty-Two Dollars ($2,142.00), as 'temporary total disability benefits' on account of petitioner's injury of August 14, 1967, as hereinabove described.

8. That petitioner is entitled to recover of the defendant Aetna Casualty and Surety Company the sum of Five Thousand and Forty Dollars ($5,040.00), as compensation for petitioner's permanent partial disability suffered as a result of his injury of August 14, 1967, the same being computed as follows: Forty Two Dollars ($42.00) per week for One Hundred and Twenty (120) weeks (30 per cent of 400 weeks).

9. That petitioner is entitled to recover of the 'Second Injury Fund', the sum of Eight Thousand Eight Hundred and Eighteen Dollars ($8,818.00), as compensation for petitioner's permanent total disability suffered as a result of petitioner's injury of August 14, 1967, and petitioner's previous permanently disabling injury, the same being computed as follows: the balance of Sixteen Thousand Dollars ($16,000.00), the

maximum amount recoverable by a petitioner under the Workmen's Compensation Laws of Tennessee, after petitioner has recovered of defendants Hedges Manufacturing Company and Aetna Casualty and Surety Company the sums of Two Thousand One Hundred and Forty-Two Dollars ($2,142.00) as 'temporary total disability benefits' and Five Thousand and Forty Dollars ($5,040.00) as 'permanent partial disability benefits'.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petitioner, Curtis A. Davis, have and recover of the defendants Hedges Manufacturing Company and Aetna Casualty and Surety Company the sum of Five Thousand and Forty Dollars ($5,-040.00), and of the 'Second Injury Fund' the sum of Eight Thousand Eight Hundred and Eighteen Dollars ($8,818.00).''

Plaintiffs in error excepted to the judgment of the trial court and perfected an appeal to this Court. Three assignments of error have been filed, as follows:

1. The trial court erred in entering the amended judgment to the extent that said amended judgment entitled the defendant Treasurer of the State of Tennessee to take as credit Two Thousand One Hundred Forty-Two Dollars ($2,142.00) already paid by the named defendants and to apply said amount to the payment of the seventy percent (70%) of the petitioner's permanent total disability, which seventy percent (70%) was adjudged to be payable out of the Second Injury Fund.

2. The trial court erred in depriving the named defendants of a credit in the amount of Two Thousand One Hundred Forty-Two Dollars ($2,142.00), which

had already been paid by them to the petitioner in the nature of temporary total disability, but instead the court's order required them to pay in addition to said temporary total disability, thirty percent (30%) permanent disability to the petitioner.

3. The court erred in computing the named defendant's liability insofar as the court computed said defendants' percentage of liability by calculating their thirty percent (30%) by taking thirty percent (30%) of four hundred (400) weeks, namely—one hundred twenty (120) weeks, and multiplying said number of weeks by Forty-Two Dollars ($42.00). The court should have taken thirty percent (30%) of the maximum recoverable by law, namely—of Sixteen Thousand Dollars ($16,000.00)."

On appeal, no party to the instant case questions the judgment of the trial court as to whether an award to Davis is proper. The controversy, rather, poses the questions (1) who shall pay the award, and (2) in what proportion or amount.

■ The Workmen's Compensation law of Tennessee contains a schedule of injuries to the body which governs as to what award, if any, shall be made to an injured employee. Under this statutory system, such award is not measured by diminution of the employee's earning capacity. The award is measured by the value fixed in the statute or a percentage thereof in the case of partial disability. See T.C.A. sec. 50-1007; *Catlett v. Chattanooga Handle Co.* (1932), 165 Tenn. 343, 55 S.W.2d 257; *New Jellico Coal Co. v. Gilburth* (1948), 187 Tenn. 606, 216 S.W.2d 329; *Shores v. Shores* (1965), 217 Tenn. 96, 395 S.W.2d 388, and *Aerosol Corporation of the South v. Johnson* (1968), 222 Tenn. 339, 435 S.W.2d 832.

T.C.A. sec. 50-1005, as amended, establishes (1) the date from which compensation benefits shall be computed, and (2) the maximum amount of compensation payable, as follows:

*"Compensation for what periods—Maximum amount.* —No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury, except the benefits provided for in sec. 50-1004, but if disability extends beyond that period, compensation shall commence with the eighth day after the injury. In the event, however, the disability from the injury exists for a period as much as fourteen (14) days, then compensation shall be allowed beginning with the first day after the injury. *The total amount of compensation payable under this chapter shall not exceed sixteen thousand dollars ($16,000) in any case, exclusive of medical, hospital, and funeral benefits."* (Emphasis supplied.)

It is clear that the Legislature intended $16,000.00 to be "the total amount of compensation payable under this chapter"—that is, a maximum ceiling is fixed. The words "under this chapter" have been held by this Court to refer to Chapter 10 of Title 50, "Claims Under Workmen's Compensation Law." See *Bland Casket Company v. Davenport* (1968), 221 Tenn. 492, 427 S.W.2d 839. The case just cited holds that T.C.A. sec. 50-1005 applies to cases involving the Second Injury Fund; that is, to cases calling for application of T.C.A. sec. 50-1027.

T.C.A. sec. 50-1027 provides, in material part, as follows:

*"Subsequent permanent injury after sustaining previous permanent injury—Estimation of compensation—*

*'Second injury fund' created—Payments to—Disbursements from—*If an employee has previously sustained a permanent disability * * * and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compansation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and *such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier;* provided, however, that in addition to such compensation for said subsequent injury, and after completion of the payments therefor, then *such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund* to be known as the 'second injury fund' herein created." (Emphasis supplied.)

T.C.A. sec. 50-1027 plainly requires computation of an award to be made, in the case of a second injury, without regard to the "earlier injury" and according to the statutory schedule.

The trial court has found that Davis sustained a 30% permanent partial disability as a result of the accident of August, 1967, during his employment with plaintiff in error Hedges Manufacturing Co.

T.C.A. sec. 50-1007(c), as amended, provides for computation of awards to be made in cases of permanent partial disability. Under this section, a disabled employee is entitled to (1) the benefits provided by T.C.A. sec. 50-1004, (2) 65% of his average weekly wages during the time such employee suffers temporary total disability, subject to the limitations of T.C.A. sec. 50-1007(a),

and (3) 65% of his average weekly wages payable in accordance with the statutory schedule. It is expressly provided that compensation paid for temporary total disability and temporary partial disability shall not be deducted from compensation to be paid under the statutory schedule. Cases of permanent partial disability not expressly enumerated in the statutory schedule are required to be apportioned to the body as a whole, which is given a value of four hundred weeks.

An employee who has previously sustained an injury compensable under T.C.A. sec. 50-1007, for which a court has awared benefits on a basis of a percentage of disability to the body as a whole and who suffers a subsequent injury not enumerated in the statutory schedule, shall be paid compensation for (1) the period of temporary total disability, and (2) only the degree of permanent disability resulting from the subsequent injury. The section further provides that the maximum compensation payable thereunder shall not exceed $16,000.00 in any case.

As indicated above, T.C.A. sec. 50-1027, supra, requires computation of an award thereunder according to the provisions of T.C.A. sec. 50-1007, the statutory schedule. The liability of an employer of a disabled employee must be calculated under the schedule provided, whether the disability resulting be temporary total disability, T.C.A. sec. 50-1007(a), temporary partial disability, T.C.A. sec. 50-1007(b), or permanent partial disability, T.C.A. sec. 50-1007(c).

It is at this point that the purpose of the Second Injury Fund must be considered. This Court, in the case of *E. I. duPont de Nemours & Company v. Friar* (1966),

218 Tenn. 554, 404 S.W.2d 518, delineated the history and purpose of the Second Injury Fund:

"In the development of the law of Workmen's Compensation the rule has come to be that an employer takes an employee the way he finds him and is liable for the disability resulting from an accident which aggravates a pre-existing physical impairment. This rule, of course, meant that employers were assuming additional liability when a person was hired who had a physical impairment, and naturally resistance to employment of such persons became evident in hiring policies.

The Legislature, recognizing that employment of handicapped persons is in the interest of society, enacted the Second Injury Fund law to overcome some of the resistance to employment of disabled persons. The clear purpose of this legislation is to encourage employers to hire workers with an existing handicap which would impair their competitive position as a job seeker."

In effect, T.C.A. sec. 50-1027 renders the employer of a partially disabled employee liable only for that additional disability resulting from an accident during such employment. The employer is thus liable only for that disability which his employment of a disabled person may occasion. The Second Injury Fund must bear the remaining liability resulting from consatenation of two separate injuries which produce total permanent disability. Any insistence that the legislative intent, in enacting T.C.A. sec. 50-1027, must be understood as giving the employer exclusive "benefit" of the "statutory ceiling" of $16,000.00, does not find support in the statutes. The payments due from the employer of a disabled

employee who has sustained a second injury are calculated "under this law" without regard to the earlier injury. See T.C.A. sec. 50-1027, supra. In the instant case, it is T.C.A. sec. 50-1007(c) which covers the sequence of events. That section and subsection contain the following provision:

"in addition to the foregoing he shall receive sixty-five per cent (65%) of his average weekly wages in accordance with the schedule hereinafter set out, *provided, that the compensation paid the injured employee for the period of temporary total disability and temporary partial disability shall not be deducted from the compensation to be paid under said schedule.* * * * (Emphasis supplied.)

■ It thus appears in the instant case the temporary total disability benefits paid by Hedges and its insuror may not be "credited" against the amount payable by them under T.C.A. secs. 50-1027 and 50-1007(c). Accordingly, the first and second assignments of error filed by plaintiffs in error are overruled.

The third assignment of error filed in this Court insists that the trial court erred in computing the liability of plaintiffs in error for permanent partial disability under T.C.A. sec. 50-1007(c), in lieu of taking a percentage of the maximum amount recoverable under the Workmen's Compensation Law.

■ This assignment is hypercritical. The opinion of the trial court, as well as what has been said above, shows that the payments for which plaintiffs in error were found liable were correctly computed under the provisions of T.C.A. sec. 50-1007(c); that is, 30% was, and is, the amount of permanent partial disability resulting

from the second injury. Nothing in the Workmen's Compensation statutes provides or even hints at the idea of taking 30% of the $16,000.00 maximum allowable. As heretofore stated, the only significance of the $16,000.00 figure is its status as a maximum. The third assignment of error is therefore overruled.

It results that the judgment of the trial court is affirmed. Costs of this appeal are taxed to Hedges Manufacturing Co. and Aetna Casualty & Surety Co.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.