Thomas A. WISEMAN, Treasurer, State of
Tennessee and Custodian of the Sec-
ond Injury Fund, Appellant,

v.

E'CON MILLS, INC., and Jack Williams,
Appellees.

Supreme Court of Tennessee.

Nov. 12, 1974.

John B. Hagler, Jr., Asst. Atty. Gen., Milton P. Rice, Atty. Gen., of counsel, for appellant.

Charles D. Goins, Gary D. Shields, Chattanooga, Goins, Gammon, Baker & Robinson, Chattanooga, of counsel, for appellee E'Con Mills, Inc.

## OPINION

HARBISON, Justice.

This is a workmen's compensation case in which there is material evidence to support the finding of the chancellor that the employee is entitled to an award for total permanent disability. On this appeal a question is raised as to the proper allocation of the award between the employer and the statutory Second Injury Fund.

There is no dispute as to the material facts. The employee first sustained a severe and crushing injury to his right ankle, on July 16, 1967, while in the employ of E'Con Mills, Inc. This injury was described by an orthopedic surgeon as being "an explosion-type fracture". It involved the ankle joint to a considerable degree, requiring four screws in the ankle and above. There was also involvement of the tibia.

The orthopedic surgeon said that extensive surgery was required following this injury, necessitating realignment of bone fragments. He testified that the employee recovered from the operation but developed traumatic arthritis in the ankle.

Immediately following the first injury, the employee was given a disability rating of 30% disability to the right lower extremity. Over the next several years, the employee continued to suffer from degenerative changes at the fracture site, and he was seen by the orthopedic specialist in 1968 and in 1972 with complaints about his condition. The employee himself testified that although he returned to work following this initial injury, his right leg and foot continued to give him trouble and he never recovered from the previous injury.

Subsequently, on March 5, 1973, while still working for the same employer, the employee sustained a severe crushing injury of bones in the left foot and also injury to the soft tissue which required plastic surgery. Following his treatment for this second injury, he returned to the orthopedic specialist who had treated him for the previous injury. As a result of the two injuries, the plaintiff was having to place abnormal stress on the right ankle in attempting to walk, and the right extremity was causing him extreme discomfort.

The orthopedic specialist who testified in the case stated that the employee was totally and permanently disabled as the result of the two injuries. The testimony of the employee was to the same effect, and there was no contrary evidence.

The orthopedic surgeon testified that the plaintiff would retain 40 to 50 percent permanent partial disability of the left lower extremity as the result of the more recent injury. He said that the right lower extremity, however, was more disabled than the left because of the severe traumatic arthritis which had developed over the intervening years since the first accident. He said that the combination of the two events rendered the employee totally and permanently disabled. He observed that if the employee had one good lower extremity, he could compensate for injury to the other fairly well, but with both of them severely injured, there was unusual stress placed upon both lower extremities. The second injury involved a fracture to the os calsis, or heelbone, together with a severe crushing injury to the joint between the anklebone and the heelbone.

Based upon this testimony, and the testimony of the employee, the chancellor found that the employee had sustained 45% permanent partial disability to the left lower extremity, and he awarded compensation benefits against the employer based upon that finding. Since this injury was a scheduled injury the chancellor followed the schedule contained in T.C.A. § 50–1007(c) and awarded workmen's compensation benefits for 90 weeks, this being 45% of the 200 weeks maximum allowable for loss or loss of use of a leg. Inasmuch as the testimony clearly indicated that the employee had sustained total permanent disability as the result of the two injuries, the chancellor awarded a recovery against the Second Injury Fund for 310 weeks.

In his opinion the Chancellor cited and relied upon the case of Hedges Mfg. Co. v. Worley, 223 Tenn. 102, 442 S.W.2d 624 (1969). In that case, this Court, after quoting the provisions of T.C.A. § 50–1027, which creates and provides for the Second Injury Fund, said:

"T.C.A. sec. 50–1027 plainly requires computation of an award to be made, in the case of a second injury, without regard to the 'earlier injury' and according to the statutory schedule."

223 Tenn. at 110, 442 S.W.2d at 628.

■ It is the opinion of this Court that the chancellor correctly apportioned the award between the employer and the Second Injury Fund. Since the proof showed without contradiction that the employee had sustained a previous permanent partial disability to another member, there is no question but that the Second Injury Fund is liable. Under the statute the employer at the time of the second accident was liable only for the disability that would have resulted from the latter injury. The statute requires that the earlier injury shall not be considered in estimating the compensation to which the employee is entitled from the employer or the employer's insurance carrier. It provides that in addition to such compensation for the subsequent injury, however, and after completion of the payments therefor, the employee shall be paid out of the Second Injury Fund for the remainder of the compensation due for total permanent disability.

■ On this appeal it is contended by the Custodian of the Second Injury Fund that the chancellor should have awarded 45% permanent partial disability of the body as a whole for the second injury, leaving the Fund liable only for 55% or 220 weeks. Although this allocation was mentioned in preliminary comments from the bench, he took the case under advisement and later filed a memorandum opinion, making the allocation set out above.

As stated previously, we affirm the award made by the chancellor. It is in accord with the only medical testimony offered by any of the parties, and it followed the language of the statutory provisions. There was no medical evidence before the chancellor from which he could have apportioned the second injury to the body as a whole nor is there any evidence that 45% of the total permanent disability is due solely to the second injury, as contended by the Custodian.

The holding of the chancellor is not only in accord with the only medical proof tendered in the record. It is also consistent with the policy underlying the Second Injury Fund, of encouraging the employment of handicapped persons by limiting the exposure of the employer to the immediate consequences of the second injury. E. I. duPont de Nemours & Co. v. Friar, 218 Tenn. 554, 404 S.W.2d 518 (1966).

■ By inadvertence of counsel in preparing the decree, payments from the employer and the Second Injury Fund were provided on a concurrent basis. All parties concede this to have been an erroneous calculation, and the decree of the chancellor will be corrected to require that the employer shall pay the first 90 weeks of compensation benefits at the rate of $55.00 per week (the rate in effect at the time of the second injury), and that the Second In-

jury Fund shall thereafter be responsible for the remaining 310 weeks at the same weekly rate.

As thus modified, the decree of the chancellor is affirmed at the cost of appellant, the Treasurer and Custodian of the Second Injury Fund.

FONES, C. J., and HENRY and COOPER, JJ., concur.

BROCK, J., not participating.

OPINION ON PETITION TO REHEAR

HARBISON, Justice.

A petition to rehear has been filed on behalf of the Treasurer, as Custodian of the Second Injury Fund, pointing out that the record reveals that the claimant had received, prior to trial, certain temporary total disability benefits. Under Hedges Manufacturing Company v. Worley, 223 Tenn. 102, 442 S.W.2d 624 (1969), these temporary total disability benefits are not to be deducted from the compensation payable by the employer. The Treasurer, accordingly, asks this Court to modify its decree so as to limit the amount payable by the Second Injury Fund to 310 weeks, or until such time as the injured employee shall have received the maximum benefits of $22,000.00.

This contention appears to be well taken, and the opinion of the Court is modified to that extent, so that after the employer shall have paid the first 90 weeks of compensation according to schedule, the Second Injury Fund shall thereafter be responsible for the remaining 310 weeks at the same weekly rate, or until the statutory maximum of $22,000.00 has been paid the claimant.

FONES, C. J., and COOPER and HENRY, JJ., concur.

BROCK, J., not participating.