Michael Wayne SMITH,
Plaintiff–Appellee,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, Defendant–Appellee

and

Sue Ann Head, Director of the Division of
Workers' Compensation, Tennessee De-
partment of Labor, Defendant–Appel-
lant.

Supreme Court of Tennessee,
at Knoxville.

Dec. 12, 1988.

David H. Dunaway, Dunaway, Dunaway
& Van Hook, LaFollette, for appellee
Smith.

W.J. Michael Cody, Atty. Gen. & Report-
er, Dianne Stamey, Asst. Atty. Gen., Nash-
ville, for defendant-appellant.

OPINION

FONES, Justice.

The issue in this workers' compensation case is whether the 1985 amendment to the Second Injury Fund Statute, specifically T.C.A. § 50–6–208(b)(2), authorizes an exception to the maximum total benefit limitation of T.C.A. § 50–6–102(a)(7), so that an employee, who has been awarded temporary total disability benefits and permanent total disability benefits, can recover more than the statutory maximum.

Plaintiff Smith sustained an on-the-job back injury in September 1983 while employed by Powell Valley Foods and settled his workers' compensation claim based upon an 18% permanent partial disability to the body as a whole. On 1 July 1986 he suffered a second injury to his back while working for the same employer, who was insured on both occasions by defendant, Liberty Mutual Insurance Company. Plaintiff returned to work on 19 May 1987, but after approximately three hours his back hurt so badly he was unable to continue and has not worked since.

The trial judge found that plaintiff was 100% disabled, with the employer liable for 40% of the plaintiff's disability and the Second Injury Fund liable for 60%. The medical testimony, the evidence of the vocational experts, and the lay testimony bearing on plaintiff's work disability amply supported the trial court's findings and those findings are not questioned on this appeal.

The trial judge correctly ordered that the employer's insurance carrier pay plaintiff the maximum rate of $189 for a period of 160 weeks, at the expiration of which he ordered that the Second Injury Fund pay

plaintiff $189 per week for the ensuing 240 weeks. He also awarded plaintiff 25 weeks of temporary total disability to be paid in a lump sum by the employer, since that obligation had obviously accrued prior to trial. Thus, plaintiffs total recovery was $80,325. The statutory maximum recovery for *all weekly benefits* applicable on the date of plaintiff's accident was $75,600. T.C.A. § 50–6–102(a)(7) The total of all weekly benefits refers to combined temporary and permanent disability benefits. *Bennett v. Howard Johnsons Motor Lodge,* 714 S.W. 2d 273 (Tenn.1986); *Bland Casket Company v. Davenport,* 221 Tenn. 492, 427 S.W.2d 839 (1968).

The employer's insurance company did not appeal and the correctness of its liability for 160 weeks of permanent partial disability and 25 weeks of temporary total disability is not disputed by either party in this Court.

The administrator of the Second Injury Fund contends that the trial judge erred in awarding plaintiff $4,725 in excess of the statutory maximum for all weekly benefits and in failing to provide that the Second Injury Fund's liability did not accrue until after the payment of 185 weeks by the employer's insurance company, and was limited to the amount remaining due to plaintiff, up to $75,600. In short, the administrator contends that the Second Injury Fund was entitled to a credit of $4,725 reducing its obligation from 240 weeks to 215 weeks. While this result may appear at first blush to be inequitable, we hold that it is required by the statutes as interpreted by this Court in *Hedges Manufacturing Company v. Worley,* 223 Tenn. 102, 442 S.W.2d 624 (1969), and *Wiseman v. E'Con Mills, Inc.,* 517 S.W.2d 191 (Tenn. 1974).

At the time of the second injury to the employee in *Hedges,* August 1967, the maximum amount recoverable was limited to $16,000. T.C.A. § 50–1005, now T.C.A. § 50–6–205, as amended. The maximum weekly wage payable was then $42 and an award of permanent total disability entitled the employee to 400 weeks for a total of $16,800. Thus the monetary limitation restricted an employee's recovery to $800 less than an award of 400 weeks at the maximum weekly wage would have produced. That result obviously prevented employees entitled to permanent total benefits from receiving any benefit from an award of temporary total disability.

Parenthetically, the maximum weekly wage payable and the maximum monetary limitation have been increased twelve times between the accidental injury in *Hedges* and the one in the instant case. The maximum of 400 weeks has remained constant and the maximum monetary figure, with one or two exceptions,[1] has been the exact multiple of 400 times the maximum weekly rate. Thus, the legislature has followed a consistent policy of effectively eliminating the temporary total disability benefits awarded to an injured employee adjudged to have a permanent total disability. This result applies to all cases of permanent total disability whether or not the Second Injury Fund is involved.

Returning to *Hedges,* the material facts therein are indistinguishable from those in the instant case. The trial judge's final decree found that employee was 100% disabled as a result of a prior injury and a second on-the-job injury at Hedges and that the second injury resulted in a 30% disability. The trial court found that employee was entitled to benefits from the employer for 120 weeks (30% of 400 weeks) at the maximum rate of $42, or $5,040. The court also awarded employee temporary total disability benefits in the sum of $2,142 which amount had been paid by Hedges prior to trial and was adjudged to be the employer's obligation. Finally the trial court's decree awarded a monetary judgment against the

---

**1.** One exception was Acts of 1973, chapter 379, wherein the legislature raised the maximum weekly rate from $55 to $62 for a total of $24,800 over 400 weeks. The maximum benefit limitation was raised from $22,000 to $25,000, only $200 in excess of 400 weeks times the maximum weekly rate.

Second Injury Fund in the sum of $8,818. Obviously, that award was made by subtracting the total of the two awards against the employer from the statutory maximum of $16,000.

The employer insisted on appeal that the trial judge had erroneously given the Second Injury Fund credit for the temporary total disability payments made by it and asserted that its liability should have been limited to 30% of $16,000. The late Justice Creson, writing for the Court, carefully analyzed the worker's compensation statutes, pointing out the sequence of requirements in making awards involving the Second Injury Fund and reached the following conclusions: (1) the employer's liability is first determined, based upon the disability resulting from the second injury, without consideration of the prior injury or injuries; (2) the liability of the employer for temporary total disability must be calculated and awarded the employee and cannot be deducted from the employer's liability to the employee; and (3) the remainder of the compensation due the employee for permanent disability up to the statutory maximum is the obligation of the Second Injury Fund.

In *Wiseman v. E'Con Mills, Inc., supra,* this Court affirmed the conclusions established in *Hedges.* The Court laid particular emphasis on the holding that the temporary total disability benefits are not to be deducted from the compensation payable by the employer, that the obligation of the employer is not only determined first but is to be paid first, and that the obligation of the Second Injury Fund is not concurrent with that of the employer but for the remainder of the compensation due employee until the statutory maximum has been paid.

Plaintiff insists that certain language in the 1985 amendment to the Second Injury Fund statute has altered the result reached in *Hedges* and *Wiseman* and permits him to recover the 25 weeks of temporary total disability even though the total amount would exceed the statutory maximum. The specific language plaintiff relies upon is the third sentence in T.C.A. § 50–6–208(b)(2) which reads as follows:

> Nothing in this section shall relieve the employer or its insurance company of liability for other benefits which may be due the injured employee, including temporary benefits, medical expenses, and permanent benefits for injuries other than to the body as a whole, irrespective of whether the combination of workers' compensation awards exceeds one hundred percent (100%) permanent disability.

The foregoing sentence is a small part of the amendments to T.C.A. § 50–6–208 accomplished by Acts of 1985, chapter 393, section 10. There is simply nothing in the language relied upon, or in any language in T.C.A. § 50–6–208 that addresses the "maximum total benefit" imposed upon employees by T.C.A. § 50–6–102(a)(7). The sentence quoted above is directed to the liability of the employer or its insurance carrier and is a disclaimer that the legislature had any intention of altering such liability as is imposed in the Second Injury statute where the combination of awards exceeds 100% permanent disability.

We reaffirm the interpretation of the relevant statutes in *Hedges* in *Wiseman* applicable to Second Injury Fund cases where the total benefits awarded exceed the maximum monetary limitations of T.C.A. § 50–6–102(a)(7).

The trial court's judgment is modified by reducing the amount awarded against the Second Injury Fund to 215 weeks, the maximum that can be recovered by plaintiff after the payment of 185 weeks by the employer's insurance company, a monetary reduction of $4,725. Costs are adjudged against plaintiff-employee.

HARBISON, C.J., and COOPER, DROWOTA, O'BRIEN, JJ., concur.