## IN THE SUPREME COURT OF TENNESSEE
## WORKERS' COMPENSATION APPEALS PANEL
## KNOXVILLE, SEPTEMBER 1997 SESSION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES WALTER DELLINGER          )          SEVIER CIRCUIT
                                )
    Plaintiff/Appellee          )
                                )
VS.                             )          Hon. William R. Holt, Jr.,
                                )          Circuit Judge
THE ARNOLD ENGINEERING          )
COMPANY AND LUMBERMENS           )
MUTUAL CASUALTY COMPANY          )
                                )          NO. 03S01-9703-CV-00033
    Defendants/Appellants        )
                                )
and                             )
                                )
LARRY BRINTON, JR., DIRECTOR     )
OF THE SECOND INJURY FUND        )
                                )
    Defendant/Appellee           )

**For the Appellants:**

Timothy W. Conner
Nan R. Jenne
1130 First American Center
507 S. Gay St.
Knoxville, Tenn.  37902

**For the Appellees:**

William O. Shults
Lucy Dunn Hooper
335 East Main St.
Newport, Tenn.  37821

Sandra E. Keith
Cordell Hull Bldg. 2nd Floor
425 5th Avenue North
Nashville, Tenn.  37243-0499

## M E M O R A N D U M   O P I N I O N

### Members of Panel:

E. Riley Anderson, Chief Justice
John K. Byers, Senior Judge
Roger E. Thayer, Special Judge


MODIFIED AND AFFIRMED.                    THAYER, Special Judge

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The trial court found plaintiff, James Walter Dellinger, totally disabled and apportioned 40% of the award of disability against his employer, The Arnold Engineering Company, and 60% against the Second Injury Fund. The judgment provided the award of benefits would be payable for a period of 400 weeks.

The employer has appealed seeking a ruling that (1) the evidence is not sufficient to establish the employee's back injury was work-related and (2) the apportionment of 40% of the award to the employer is not supported by the evidence. The employee contends the award should be payable until he reaches his 65th birthday rather than for just 400 weeks, which would expire while he would be 63 years of age.

Employee Dellinger was injured on June 14, 1994, while removing a lid from a "ball mill". He testified he was using a large pipe wrench and it slipped and struck him; this caused him to fall into a catwalk when he struck his side. He said that after the incident, he was hurting all over his body and he sought treatment for his back and side at the hospital emergency room.

Plaintiff testified he had worked for his employer for twenty years and he generally worked ten to twelve hours a day, seven days a week. He was 55 years of age at the time of his injury and he had completed the third grade. He cannot read and writes very little. His job duties appear to involve a great deal of physical activity and exertion. He told the trial court he notified his supervisor, Johnny Ogle, and Darrell Adams, the production manager, how he was injured. The emergency room physician felt he had suffered a strain and recommended he return to work despite the fact plaintiff showed the doctor a knot or bulge on his stomach.

The record is quite clear that he had a number of pre-existing medical problems which would appear to affect his employability to some extent. He suffered from Paget's disease which affected the bones in his hips and knees and caused complaints of pain, etc. He had diabetes, a heart murmur and high blood pressure. He had suffered prior work-related injuries: three broken ribs, broken finger and a

knee injury which required wearing a cast. The work-related injuries did not result in workers' compensation claims. After the work-related accident in question, he continued to work for some period of time and then retired during 1995.

Plaintiff has seen many doctors for his various medical problems. Some have testified in this proceeding. All of the expert medical testimony is by deposition.

Dr. Samuel W. McGaha, a family practice physician, said he had treated plaintiff since 1987. He also saw him two days after the accident in question. He told the trial court he was of the opinion plaintiff was totally disabled. He said it was difficult to determine whether his back pain was related to the Paget's disease or the event at work but he felt it was work-related at the time of giving his deposition.

Dr. W. J. Walters, a surgeon, first examined plaintiff on October 24, 1994 and found the bulge or knot on the abdominal wall was a type of hernia which needed to be corrected by surgery. This was performed during December, 1994. The doctor was of the opinion this condition resulted when the wrench slipped and struck his abdomen.

Dr. David H. Hauge, a neurosurgeon, treated plaintiff for some period of time. He recommended physician therapy and found he had an 8% medical impairment as a result of the accident. He related the back complaints to the accident.

Dr. James Templin, specializing in occupational medicine, did not treat plaintiff but did an independent medical exam for plaintiff. He testified plaintiff had degenerative thoracic, lumbar and cervical disc disease; that the injury in question brought into a symptomatic state the several disc conditions causing his back pain. He gave a 36% medical impairment for all of his medical problems.

Dr. Jeffrey A. Uzzle, a physical medicine and rehabilitation physician, did an independent medical exam for the employer. He stated it took him about six to eight hours to review all of the available medical records. He did not feel some of the medical records were consistent with the back injury being work-related. He said the pre-existing problems resulted in a significant impairment but did not give a percentage.

The trial court also heard the oral testimony of Dr. Norman E. Hankins, a vocational consultant, who was of the opinion there were no jobs plaintiff could perform.

The case is to be reviewed on appeal de novo accompanied by a presumption of the correctness of the findings of fact unless the preponderance of the evidence is otherwise. T.C.A. § 50-6-225(e)(2).

In resolving disputes in medical testimony, the trial court may choose which medical testimony to accept. In doing this, the court may consider the qualifications of the experts, the circumstances of their examination, the information available to them and the evaluation of the importance of that information by other experts. *Orman v. Williams-Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991).

The first issue raises a question as to whether the back injury was work-related. In this connection, the employer argues Dr. Uzzle's testimony should be given greater weight. Also, the employer points to certain evidence inconsistent with the employee's testimony. The employer's witnesses, Johnny Ogle and Darrell Adams, testified orally that plaintiff did not tell them in reporting the accident, he fell into the catwalk. The emergency room records did not contain this description of how the accident occurred. The employer also introduced evidence showing plaintiff did not work ten to twelve hours a day for 365 days a year.

In resolving the conflicting testimony, the trial court accepted plaintiff's version of the events in question and the expert medical testimony supporting plaintiff's contentions. Once the choice has been made from competent evidence, the decision must stand, even though the review is de novo, unless the reviewing court concludes the evidence preponderates against the choice made. We do not find the evidence preponderates against the decision on this point.

The next issue involves the allocation or apportionment of the 100% award. The employer insists that with all of plaintiff's prior medical problems, the allocation of 40% against it was excessive.

Since the prior work-related injuries did not result in approved workers' compensation claims, the apportionment must be made under subsection (a) of T.C.A. § 50-6-208. This requires the court to estimate and fix the legal disability of the employee from the last injury without consideration of the prior injuries or impairments. The employer is liable for this disability and the Second Injury Fund then is liable for the remainder of the award. *Smith v. Liberty Mutual Ins. Co.,* 762 S.W.2d 883, 885 (Tenn. 1988).

4

It appears to us that even though plaintiff had a number of pre-existing medical problems, this apparently did not greatly affect his ability to work and earn wages. The employer introduced exhibit #9, which is a summary of the employee's work record during the years 1990-1994, inclusive. This exhibit shows:

| 1990 | 48 wks. worked | av. 41.60 hrs. |
| 1991 | 46 wks. worked | av. 46.21 hrs. |
| 1992 | 50 wks. worked | av. 39.37 hrs. |
| 1993 | 50 wks. worked | av. 42.50 hrs. |
| 1994 | 38 wks. worked | av. 47.00 hrs. |

Plaintiff disputed this record saying he worked more hours and his time cards would show ten to twelve hours per day, seven days a week. It is obvious the accident of June 14, 1994 was the crowning blow to his employability status. However, we cannot conclude the evidence preponderates against the 40%-60% allocation made by the trial court.

Last, employee Dellinger contends the award should be payable until he reaches age 65 rather than for 400 weeks, which would terminate sooner. We agree with this contention. T.C.A. § 50-6-207(4) [Schedule of Compensation] provides in a case of permanent total disability, the compensation shall be paid "until the employee reaches the age of sixty-five (65);" the 400 weeks provision appearing in T.C.A. § 50-6-241 and 242 (statutory caps on an award) only applies to cases involving permanent partial disability and has no application to a permanent total disability award. *See Davis v. Reagan,* ___ S.W.2d ___ (Tenn. 1997), opinion filed September 8, 1997 at Knoxville.

The judgment is modified to provide the award shall be paid pursuant to T.C.A. § 50-6-207(4) and as modified the judgment is affirmed. Costs of the appeal are taxed to defendant employer and insurance carrier.

_____
Roger E. Thayer, Special Judge

CONCUR:


_____

5

E. Riley Anderson, Chief Justice


_____
John K. Byers, Senior Judge